(118 So. 872)

No. 28867.

## CITY OF SHREVEPORT v. VICKSBURG, S. & P. RY. CO. et al.

Oct. 29, 1928. Rehearing Denied Nov. 26, 1928.

B. F. Roberts, of Shreveport, for appellant.

Wise, Randolph, Kendall & Freyer, of Shreveport, for appellees.

ST. PAUL, J. This is an action to recover for the damages to an automobile fire truck, belonging to plaintiff. The truck was wrecked when it ran into a telephone pole in an effort to avoid a collision with a train belonging to the Louisiana Railway & Navigation Company, but operated over the tracks of the Vicksburg, Shreveport & Pacific Railway Company, all within the corporate limits of the city of Shreveport.

The accident occurred about 11 o'clock at night at the intersection of Market street and the railroad tracks. An ordinance by the city requires that a flagman should be kept at this corner day and night.

### I

The complaint is that the flagman was not at his post as he should have been, and the defense is that the driver of the truck drove upon the track at a high rate of speed without stopping, looking, or listening,

and in the face of the flagman's signal to stop.

There is as usual much conflict of testimony. The driver of the truck testifies that, whilst returning from a fire, he approached the crossing at a very moderate rate of speed; that there was no flagman on the crossing; that he saw no moving car until just as he reached the track, when it was too late to stop or back off with his heavy ladder truck, 50 feet in length; that he then speeded up and swerved aside to avoid the oncoming car, which he did avoid, but in doing so the rear end of his truck struck the telephone pole and was wrecked.

The driver is corroborated by one disinterested witness, and also by the brakeman of defendant's train, both of whom testify that the flagman was not at his post when the train and truck approached the crossing.

On the other hand, the flagman testifies that he was at his post, and other witnesses testify to the same effect.

But there is one physical fact which tends to show that the flagman was not at his post, and thus throws the preponderance of the evidence to plaintiff, and that fact is that when the driver of plaintiff's truck attempted to go over the crossing he was not the only one who did so; for an automobile occupied by a gentleman and lady attempted the crossing at the same time, and were well-nigh caught by the approaching train. From which we conclude that to the occupants of that automobile no flagman was visible when they started to cross the track.

Our conclusion from this and from the evidence as a whole is that the flagman was not at his post, and that this, and not any recklessness on the part of the driver of the truck, was the direct cause of the accident.

For, since the city ordinance required that a flagman be at the crossing, the driver of the truck had a right to assume, when no flagman appeared, that no train was approaching; and if thereafter he perceived a train approaching, he was required to do no more than what then seemed to him best to avoid the collision. Roby v. Kansas City Southern Railway Co., 130 La. 893, 58 So. 696, 41 L. R. A. (N. S.) 355; Taylor v. Vicksburg, Shreveport & Pacific Ry. Co., 123 La. 768, 49 So. 518.

Gibbens v. N. O. Terminal Co., 159 La. 347, 105 So. 367, has no application here, since in that case there was no ordinance requiring a gate or flagman at the crossing involved.

## II

The damaged fire truck was an aerial ladder, semi-automatic, operated by powerful springs inclosed in metal cylinders. We are satisfied from the evidence that there was no machine shop in or near Shreveport able to repair the damaged truck, and that these repairs could be done only at the factory where the truck was made. That would have taken some months; and, as the apparatus was a life-saving device, it was the proper thing for the city to supply a similar device at the earliest possible moment; and this was done. The city purchased a new truck for $15,000, and obtained a credit of $4,500 as the salvage value of the damaged truck. The two trucks were exactly or substantially alike, except that the new truck was a six-wheel affair whilst the old one was a four-wheel one. But the testimony of the fire chief is that the old truck was equally efficient as the new, and that in fact he preferred a four-wheel truck as easier to manage. The two trucks were of the same value, except that the usual deduction for wear and tear should be allowed. The evidence shows that the old truck was in perfect condition but had been used for eight years, and that a deduction of 3 per cent. per annum is a proper one for depreciation.

Accordingly the value of the old truck should be fixed at $11,400 (say $15,000 less $3,600) subject to a credit of $4,500; for

which amount the city should have judgment against both defendants in solido.

This requires a reversal of the judgment below, which was against plaintiff.

### Decree

The judgment appealed from is therefore reversed, and it is now ordered that there be judgment in favor of the plaintiff, the city of Shreveport, and against the defendants, the Vicksburg, Shreveport & Pacific Railway Company and the Louisiana Railway & Navigation Company, in solido, for the full sum of $6,900, with legal interest from judicial demand until paid and all costs of both courts.